JOHN L. BURRIS, Esq., SBN 69888
DeWITT M. LACY, Esq., SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Telephone: (510)839-5200
Facsimile: (510)839-3882

Attorney(s) for Plaintiff

E-filing

FILED
SEP 14 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ELISA RAMIREZ, Guardian ad Litem for A.S., a minor,
Plaintiffs,
vs.

COUNTY of ALAMEDA, a municipal corporation; ALAMEDA COUNTY SHERIFF'S DEPARTMENT, a municipal corporation; GREGORY AHERN individually and in his capacity as SHERIFF OF POLICE for the COUNTY OF ALAMEDA.
Defendant

Case No.: C12-4852 MEJ

**COMPLAINT FOR DAMAGES**
(42 U.S.C §§ 1983; and pendant tort claims)

**JURY TRIAL DEMANDED**

ADR

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 AND 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code §52.1 and § 51.7, and under the common law of California. This action is against THE COUNTY OF ALAMEDA and the ALAMEDA COUNTY SHERIFF'S DEPARTMENT.

   It is also alleged that these violations and torts were committed due to policies and customs of the ALAMEDA COUNTY SHERIFF'S DEPARTMENT.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the CITY OF SAN LEANDRO, County of Alameda, California, which is within this judicial district.

## PARTIES

3. At all times relevant to this complaint, Plaintiff ELISA RAMIREZ guardian ad litem for A.S. (hereinafter "Plaintiff") has been and is a resident of SAN LEANDRO, California, and United States Citizen.
4. Defendant COUNTY OF ALAMEDA (hereinafter "COUNTY") is and at all times herein mentioned is a municipality entity duly organized and existing under the laws of the State of California.
5. Defendant the ALAMEDA COUNTY SHERIFF'S DEPARTMENT is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California.

6. Defendant GREGORY AHERN, at all times mentioned herein, was Sheriff of Police for the ALAMEDA COUNTY SHERIFF'S DEPARTMENT, and is sued in his individual and official capacities.
7. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1through 25, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages herein set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.
8. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.
9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.
10. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.
11. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## FACTS

12. The incident took place on September 17, 2011 at approximately 10:30 p.m. at 170th Robey Drive, San Leandro, CA.
13. Plaintiff attended a party with girlfriend.
14. As Plaintiff and his girlfriend were leaving the party, his girlfriend was attacked by some male partygoers.
15. Plaintiff defended her and exited the residence.
16. Plaintiff was walking down the street near the residence, when he was confronted by Alameda County Sheriff's deputies.
17. The deputies were wielding submachine guns with laser scopes.
18. The lasers were trained on Plaintiff.
19. The deputies commanded Plaintiff to lie down on the ground and he complied.
20. Once the Plaintiff was lying down on the ground with his hands behind his back, one of the deputies shouted, "get the black guy!"
21. A deputy quickly approached the Plaintiff and tazed him.
22. Another deputy placed a knee on his neck, while he handcuffed him.
23. Bystanders witnessing the abuse, including Plaintiff's aunt, shouted and screamed for the deputies to stop the abuse.
24. Specifically, Plaintiff's aunt identified herself and continued to plead with the officers to stop the abuse, since Plaintiff was not resisting arrest.
25. The deputies took Plaintiff into custody and transported him to Eden Medical Center in Castro Valley, CA. He was treated for cuts and bruises.
26. During his time at the hospital, the deputies harassed Plaintiff with racist jokes about his being African-American as well as taunts about the possibility of being tazered again.

## DAMAGES

27. As a proximate result of Defendant's conduct, Plaintiff suffered serious injuries which includes, having bruises to the face, and lacerations to his body.

28. The conduct of the defendant officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and aware of punitive damages against said defendant's officers of the COUNTY.

FIRST CAUSE OF ACTION

(42 U.S.C. Section 1983)

(Against named defendant police officers and DOES 1-10, inclusive)

29. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. In doing the acts complained of herein, named defendant police officers and DOES 1-10, inclusive, acted under color of law to deprive Plaintiff of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION

(42 U.S.C. Section 1983)

(Against defendants and DOES 1-10)

31. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that named defendant police officers had a history of engaging in acts of assault and battery; effecting false arrests, and treating persons in a racially discriminatory manner, of which defendants and DOES 1-10, inclusive, knew or reasonably should have known for some time prior to the subject incident involving Plaintiff.

33. Plaintiff is informed and believes and thereon alleges that despite having such notice of named defendant police officers' prior misconduct, defendants and DOES 1-10, inclusive, approved, ratified, condoned, and encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by named defendant police officers.

34. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of named defendant police officers, defendants and DOES 1-10, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized said defendant police officers, to continue their course of misconduct, resulting in the violation of Plaintiff's rights and injuries and damages to Plaintiff as alleged herein.

35. Defendant COUNTY, by and through its supervisory employees and agents, defendants and DOES 1-10, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of COUNTY police officers

assaulting and battering, effecting false arrests and imprisonments, and treating persons in a racially discriminatory manner. With deliberate indifference, defendants and DOES 1-10, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights and injuries to Plaintiff. With deliberate indifference, defendants and DOES 1-10, inclusive, breached their duty of care to Plaintiff in that they: (1) failed to adequately hire, retain, supervise, discipline, and train police officers, including named defendant police officers, in proper use of force, effecting proper reasonable arrests, and treating persons in a manner that is not racially discriminatory; (2) failed to have adequate policies and procedures regarding proper use of force; effecting proper arrests; and treating persons in a manner that is not racially discriminatory; (3) acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of named defendant police officers, and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers to continue their course of misconduct of use of excessive force, effecting false arrests and imprisonments, and treating persons in a racially discriminatory manner, resulting in violation of Plaintiff's rights, and injuries and damages to Plaintiff as alleged herein.

36. This lack of adequate hiring, retention, supervision, training, and discipline of named defendant police officers demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive unreasonable force; wrongful false arrests; and treating persons in a racially discriminatory manner by police officers employed by Defendant COUNTY.

37. The above-described misconduct by defendants and DOES 1-10, inclusive, resulted in the deprivation of Plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

Further, the acts of named defendant police officers alleged herein are a direct and proximate result of the abovementioned wrongful conduct of defendants and DOES 1-10, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the abovementioned wrongful conduct of named defendant police officers, and the abovementioned wrongful conduct of defendants; and DOES 1-10 inclusive.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION

(Assault and Battery)

(Against named defendant police officers and DOES 1-10, inclusive)

38. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39. Named defendant police officers and DOES 1-10, inclusive, placed Plaintiff in immediate fear of death and severe bodily harm by assaulting and battering him without

any just provocation or cause. Said defendants' conduct was neither privileged nor justified under statute or common law.

40. As a proximate result of said defendants' conduct, Plaintiff suffered damages hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION

(False Arrest and Imprisonment)

(Against named defendant police officers and DOES 1-10, inclusive)

41. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. Named defendant police officers and DOES 1-10, inclusive, falsely arrested and imprisoned Plaintiff.

43. Said defendant officers falsely arrested and imprisoned Plaintiff without just provocation or probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendant officers could have reasonably believed that Plaintiff had committed a crime.

44. Said defendant officers failed to observe proper or reasonable procedures in falsely arresting and imprisoning Plaintiff without probable cause.

45. As a proximate result of said defendants' conduct, Plaintiff suffered damages hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FIFTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(Against named defendant police officers and DOES 1-10, inclusive)

46. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47. The conduct of named defendant police officers and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

48. As a proximate result of said defendant officers' willful, intentional and malicious conduct, Plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages against said defendants. Plaintiff has suffered injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SIXTH CAUSE OF ACTION

(Violation of Civil Code Section 52.1)

(Against named defendant police officers and DOES 1-10, inclusive)

49. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint.

50. The conduct of named defendant police officers and defendants DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for defendant COUNTY, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, by assaulting and battering him, and wrongfully detaining and/or arresting and imprisoning Plaintiff. Further, said defendant officers violated Plaintiff's right to be from racial discrimination pursuant to the 14th Amendment of the U.S. Constitution; California Constitution; and various federal and

California statutes, including California Civil Code Section 52.1, in that their misconduct towards Plaintiff was motivated by racial animus.

51. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

52. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

SEVENTH CAUSE OF ACTION

(Negligence)

(Against named defendant police officers and DOES 1-10, inclusive)

53. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

54. At all times herein mentioned, named defendant police officers were subject to a duty of care to avoid causing injuries and damages to persons by not using excessive unreasonable force on them, by not effecting wrongful detentions and arrests, and by treating persons in a manner that is not racially discriminatory. The wrongful conduct of said defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers acting in similar circumstances, proximately causing Plaintiff to suffer injuries and damages as set forth herein.

55. As a proximate result of said defendants' negligent conduct, Plaintiff suffered severe emotional and mental distress and injury having a traumatic effect on Plaintiff's emotional tranquility, and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

EIGHTH CAUSE OF ACTION

(Negligent Hiring, Retention, Training, Supervision, and Discipline)

(Against defendants and DOES 1-10, inclusive)

56. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 55 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

57. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on September 17, 2011, named defendant police officers had a history of engaging in acts of assault and battery; effecting false arrests, and treating persons in a racially discriminatory manner, of which defendants and DOES 1-10, inclusive, knew or reasonably should have known for some time prior to the subject incident involving Plaintiff.

58. Plaintiff is informed and believes and thereon alleges that despite having such notice of named defendant police officers' prior misconduct, defendants and DOES 1-10, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by named defendant police officers.

59. Plaintiff is further informed and believes and thereon alleges that as a result of their reckless and/or conscious disregard of the prior misconduct of named defendant police officers, defendants and DOES 1-10, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized said defendant police officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights and injuries and damages to Plaintiff as alleged herein.

60. Defendant , and DOES 1-10, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of COUNTY police officers using excessive unreasonable force, effecting false arrests and imprisonments, and treating persons in a racially discriminatory manner. Defendants and DOES 1-10, inclusive, negligently failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights and injuries to Plaintiff. Defendants and DOES 1-10, inclusive, breached their duty of care to Plaintiff in that they: (1) negligently failed to adequately hire, retain, supervise, discipline, and train police officers, including named defendant police officers, in using proper and reasonable force; effecting proper reasonable arrests; and treating persons in a manner that is not racially discriminatory; (2) negligently failed to have adequate policies and procedures regarding use of reasonable force, effecting proper arrests; and treating persons in a manner that is not racially discriminatory; (3) acted with reckless and/or conscious disregard of the prior misconduct of named defendant police officers, by failing to adequately hire, retain, supervise, discipline, and train police officers, including named defendant police officers, in use of reasonable force, effecting proper reasonable arrests; and treating persons in a manner that is not racially discriminatory; and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers, to continue their course of misconduct, resulting in the violation of Plaintiff's rights, and injuries and damages to Plaintiff as alleged herein.

61. The above-described negligent misconduct by defendants and DOES 1-10, inclusive, resulted in the deprivation of Plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

62. Further, the acts of said named defendant police officers, alleged herein, are a direct and proximate result of the abovementioned negligent wrongful conduct of defendants and DOES 1-10, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the abovementioned wrongful conduct of named defendant police officers and DOES 1-10, inclusive.

63. Defendant is liable to Plaintiff pursuant to Govt. Code Section 815.6; and defendants and DOES 1-10, inclusive, are liable to Plaintiff pursuant to Govt. Code Sections 820.2 and 820.4, for Plaintiff's injuries and damages hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

NINTH CAUSE OF ACTION

(Vicarious Liability)

(Against defendant )

64. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 63 of this Complaint, except for any and all allegations of intentional, malicious, extreme,

outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

65. Pursuant to Government Code Section 815.2(a), defendant COUNTY OF ALAMEDA SHERIFF'S DEPARTMENT is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned intentional and negligent wrongful conduct of named defendant police officers DOES 1-10, inclusive, as set forth in Plaintiff's First Cause of Action, and Third through Seventh Causes of Action herein.

66. As a proximate result of defendants' conduct, Plaintiff suffered injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

67. Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in the sum of $ 250,000.00;
2. For special damages according to proof;
3. For punitive damages against named defendant police officers, according to proof;
4. For injunctive relief enjoining defendant COUNTY OF ALAMEDA SHERIFF'S DEPARTMENT from authorizing, allowing, or ratifying the practice by any of their employees of making unreasonable and wrongful assaults on persons; effecting unreasonable and improper arrests, detentions, and imprisonments of persons; and, from treating persons in a manner that is racially discriminatory, in violation of California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, punitive damages against named defendant police officers and DOES 1-10, inclusive; $ 25,000.00 for each offense; and reasonable attorney's fees;
6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;
7. For costs of suit herein incurred; and,
8. For such other and further relief as the Court deems just and proper.

Dated: September 14, 2012

**THE LAW OFFICES OF JOHN L. BURRIS**

By_______________

John L. Burris
Attorneys for Plaintiffs
ELISA RAMIREZ guardian ad litem for
ANTHONY SIMMS JR.