UNITED STATES DISTRICT COURT

Northern District of California

ELISA RAMIREZ, Guardian ad Litem for A.S., a minor,

          Plaintiff,

  v.

COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S DEPTARTMENT, GREGORY AHERN, Sheriff,

          Defendants.

No. C12-4852 MEJ

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

**Re: Docket No. 16**

## INTRODUCTION

Before the Court is Defendants County of Alameda, Alameda County Sheriff's Department, and Sheriff Gregory Ahern's Motion to Dismiss Plaintiff Elisa Ramirez's Second Cause of Action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and VACATES the February 14, 2013 hearing. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court hereby GRANTS Defendants' motion WITH LEAVE TO AMEND for the reasons set forth below.

## BACKGROUND

In the Complaint, Plaintiff alleges as follows. Alameda County Sheriffs deputies tazed Plaintiff A.S. on the evening of September 17, 2011, after he attended a party in San Leandro with his girlfriend. Compl. ¶¶ 12-13, 21, Dkt. No. 1. As A.S. and his girlfriend were leaving the party, male partygoers attacked his girlfriend. *Id.* ¶ 14. A.S. defended her and exited the residence. *Id.* ¶ 15. Sheriff's deputies wielding submachine guns confronted A.S. in the street near the party and

trained the laser scopes of their weapons on him. *Id.* ¶¶ 16-18. They ordered A.S. to get down on the ground, and he complied. *Id.* ¶ 19. Once A.S. was lying on the ground with his hands behind his back, he heard one of the deputies shout, "get the black guy!" *Id.* ¶ 20. A deputy then approached A.S. and tazed him. *Id.* ¶ 21. Another deputy placed a knee on A.S.'s neck while he handcuffed him. *Id.* ¶ 22. The deputies took A.S. into custody and transported him to Eden Medical Center, where he was treated for cuts and bruises. *Id.* ¶ 25. While in the hospital, the deputies made racist jokes and taunted A.S. about being tazed again. *Id.* ¶ 26.

On September 14, 2012, Plaintiff filed the present Complaint, alleging causes of action under 42 U.S.C. § 1983 against unnamed individual officers and the municipal defendants, and state law causes of action for assault and battery, false arrest and imprisonment, intentional infliction of emotional distress, violation of California Civil Code section 52.1, negligence, negligent hiring and supervision, and vicarious liability. Dkt. No. 1.

On December 19, 2012, Defendants filed the present Motion to Dismiss, requesting that the Court dismiss Plaintiff's second cause of action for municipal liability, which is based upon *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Dkt. No. 16. Under *Monell*, Plaintiff must state facts that plausibly show a custom or policy of the municipality caused or contributed to the alleged constitutional violation. 436 U.S. at 691. Defendants argue that Plaintiff's allegations regarding custom or policy are wholly conclusory and do not state a claim plausible on its face. Mot. at 2. Defendants further argue that in order to hold Sheriff Ahern liable in his individual capacity, Plaintiff must plead facts showing Ahern personally participated in the constitutional deprivations, yet no such facts are pled. *Id.*

## LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

2

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

In the Complaint, Plaintiff alleges that the defendant police officers "had a history of engaging in acts of assault and battery; effecting false arrests, and treating persons in a racially discriminatory manner, of which defendants . . . knew or reasonably should have known for some time prior to the subject incident involving Plaintiff." Compl. ¶ 32. Plaintiff further alleges Defendants

> breached their duty of care to Plaintiff in that they: (1) failed to adequately hire, retain, supervise, discipline and train police officers . . . [to treat] persons in a manner that is not racially discriminatory; (2) failed to have adequate policies and procedures regarding the use of force; effecting proper arrests; and treating persons in a manner

3

that is not racially discriminatory; (3) acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of named defendant police officers, and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers to continue their course of misconduct of use of excessive force, effecting false arrests and imprisonments, and treating persons in a racially discriminatory manner, resulting in violations of Plaintiff's rights, and injuries and damages to Plaintiff as alleged herein.

*Id.* ¶ 35.

In their Motion, Defendants argue that Plaintiff must state facts that plausibly show a custom or policy of the municipality caused or contributed to the alleged constitutional violation, yet the allegations regarding custom or policy in the Complaint here "are wholly conclusory and do not state a claim plausible on its face." Mot. at 2.

Pursuant to *Monell*, a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." 436 U.S. 658, 694 (1978). Rather, to establish § 1983 municipal liability, a plaintiff must prove that (1) he was deprived of a constitutional right; (2) the municipality had a custom or policy; (3) that amounted to a deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *East v. City of Richmond*, 2010 WL 4580112, at *3 (N.D. Cal. Nov. 3, 2010). Municipal liability may be based on (1) an express municipal policy, such as an ordinance, regulation, or policy statement; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) the decision of a person with final policymaking authority ratifying a subordinate's unconstitutional decision or action and the basis for it. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-27 (1988).

Here, the Court finds that Plaintiff's allegations consist of a formulaic recitation of the elements of a cause of action. Beyond the fact that Plaintiff's allegations appear to be boilerplate – repeatedly referencing "named defendant police officers" when there are no named officers in the Complaint – the Complaint does not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiff's harm. While a municipality may be held liable for a failure to train that reaches constitutional proportions, in order to defeat a motion to dismiss for failure to state a claim the

4

complaint must contain specific factual allegations tending to support the inference that the municipality failed to train its employees. *See Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) (holding that under *Iqbal*, where a "complaint does not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused [p]laintiffs' harm[,]" such "threadbare" conclusory allegations will not support the claim); *see also Canas v. City of Sunnyvale*, 2011 WL 1743910, at *5 (N.D. Cal. Jan. 19, 2011) ("Other than alleging that the officers' EMT training was inadequate enable them to assist the Decedent after he was shot, Plaintiffs do not explain in detail *how* the City's alleged policies or customs are deficient, nor do they explain *how* the alleged policies or customs caused harm to Plaintiffs and the Decedent. At most, the allegations permit the Court to infer a 'mere possibility of misconduct' on behalf of the City. *Iqbal,* 129 S.Ct. at 1950. Fed.R.Civ.P. 8 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'"). Accordingly, because Plaintiffs' conclusory allegations do not provide the necessary factual content that would permit more than an inference of the possibility of misconduct, the Court GRANTS Defendants' Motion.

## CONCLUSION

Based on the analysis above, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's second cause of action. Because Plaintiff may cure this pleading deficiency by alleging additional facts, the Court GRANTS Plaintiff leave to amend, consistent with this Order. Plaintiff shall file any amended complaint by February 5, 2013.

**IT IS SO ORDERED.**

Dated: January 23, 2013

Maria-Elena James
Chief United States Magistrate Judge

5