UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| ELISA RAMIREZ, Guardian ad Litem for A.S., a minor,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S DEPARTMENT, GREGORY AHERN, Sheriff,<br><br>  Defendants.<br>_____/ | No. C12-4852 MEJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT**<br><br>**Re: Docket No. 33** |

## INTRODUCTION

Before the Court is Defendant Anthony Moschetti's Motion to Dismiss Plaintiff A.S. Ramirez's First Amended Complaint ("FAC") and Motion for More Definite Statement. Dkt. No. 33 ("Mot."). Defendant moves to dismiss the FAC pursuant to Federal Rule of Civil Procedure ("Rule") 4(m) for Plaintiff's failure to serve him within 120 days after filing the FAC. Defendant also moves to dismiss for pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Defendant moves for a more definite statement under Rule 12(e). Plaintiff has filed an Opposition to the Motion. Dkt. No. 34 ("Opp'n"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and VACATES the November 21, 2013 hearing. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court hereby DENIES Defendant's Motion to Dismiss and GRANTS Defendant's Motion for a More Definite Statement for the reasons set forth below.

# BACKGROUND

## A. Procedural Background

Elisa Ramirez, as Guardian ad Litem for Plaintiff A.S., a minor, filed the initial Complaint in this matter on September 14, 2012, alleging causes of action under 42 U.S.C. § 1983 and related state law causes of action against the County of Alameda, the Sheriff's Department, and Sheriff Gregory Ahern. Dkt. No. 1. The caption contained no reference to any Doe Defendants, although the body of the Complaint made reference to Does 1-25, who were alleged to be legally responsible for Plaintiff's injuries. Dkt. No. 1, ¶ 7. The named defendants moved to dismiss the claims brought against them, and the Court granted that motion with leave to amend on January 23, 2013. Dkt. Nos. 16, 20. The Order gave Plaintiff until February 5, 2013, to file an amended complaint. Dkt. No. 20 at 5:17-20.

Plaintiff did not file an amended complaint by February 5, 2013. Instead, two months later, on April 3, 2013, he moved for leave to amend the pleadings pursuant to Rule 15, seeking to substitute Sergeant K. Ritter and Deputy Moschetti for Does 1 and 2 and to dismiss any causes of action against the County of Alameda and Sheriff Ahern. Dkt. No. 23 at 3:8-12. Plaintiff's counsel stated that the reason for the failure to meet the deadline for amendment was that counsel was preparing for trial. Lacy Decl., ¶ 4, Dkt. No. 23-1. Not being a party to this action at that time, neither Defendant Moschetti nor Defendant Ritter opposed the motion. The Court granted the motion for leave to amend on April 19, 2013, ordering Plaintiff to separately e-file the FAC, which she did on April 19, 2013. Dkt. Nos. 24, 25.

In a Stipulation filed on September 30, 2013, Defendant Moschetti's attorney agreed to accept service of the FAC on his behalf, effective the date the Court signed the Stipulation and Order. Dkt. No. 28. In the Stipulation, Defendant reserved all rights to move to dismiss the FAC on both procedural and substantive grounds in that stipulation. *Id.* at 4:7-9. The Court approved the Stipulation on October 2, 2013. Dkt. No. 29. Thus, Plaintiff effected service on Defendant 383 days after filing the original Complaint and 166 days after filing the FAC.

2

**B.     Factual Background**

The following background is taken from Plaintiff's FAC. On September 17, 2011, Plaintiff attended an adult-supervised house party with his girlfriend at 170th Robey Drive, San Leandro, California. FAC ¶¶ 11-12. As Plaintiff and his girlfriend were leaving the house, his girlfriend was attacked by some male partygoers. *Id.* ¶ 13. Plaintiff defended his girlfriend from the two male attackers. *Id.* ¶ 14. Soon after, the male attackers left the scene and Plaintiff began to walk up a nearby hillside toward the house, at which time Alameda County Sheriff's deputies showed up at the scene and began to aim their submachine guns with laser scopes at Plaintiff. *Id.* ¶¶ 15-16. Plaintiff was unaware of the deputies' presence and continued up the hillside when one of the deputies shouted, "Get the Black guy!" *Id.* ¶ 17. The deputies fired their tasers, which made contact with Plaintiff's body, causing tremendous pain and discomfort. *Id.* ¶ 18. Plaintiff immediately fell to the ground and complied with the commands of the deputies. *Id.* ¶ 19. Once Plaintiff was lying down on the ground with his hands behind his back, one of the deputies quickly approached Plaintiff and tasered him again. *Id.* Another deputy placed a knee on his neck, while he handcuffed him. *Id.* ¶ 20. The deputies took Plaintiff into custody and transported him to Eden Medical Center in Castro Valley, California, where he was treated for cuts and bruises. *Id.* ¶ 23. During his time at the hospital, the deputies harassed Plaintiff with racist jokes about his being African-American, as well as taunts about the possibility of being tasered again. *Id.* ¶ 24.

Plaintiff filed his FAC on April 19, 2013, alleging eight causes of action: (1) a claim under 42 U.S.C. § 1983 for violation of his right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution; (2) a claim under § 1983 for violation of his right to be free from unlawful detention under the Fourth Amendment; (3) a claim under § 1983 for violation of his right to be free from unlawful arrest under the Fourth Amendment; (4) assault and battery; (5) false arrest and imprisonment; (6) intentional infliction of emotional distress; (7) violation of California Civil Code section 52.1; and (8) negligence. FAC ¶¶ 28-51.

///

///

**DISCUSSION**

**A.    Motion to Dismiss under Rule 4(m)**

In his Motion, Defendant first argues that dismissal is appropriate because Plaintiff failed to serve him within 120 days after he filed suit. Mot. at 2. Defendant argues that Plaintiff made no attempt to effectuate service during the 120 days. *Id.* at 6. He maintains that he did nothing to avoid service—he was working for the Sheriff's Department in 2011 when the incident occurred and continues to work there now. *Id.*

As to prejudice, Defendant points out that former defendants County of Alameda and Sheriff Ahern identified him in their initial disclosures served November 7, 2012. *Id.* Defendant argues that, despite the fact that Plaintiff could have ascertained the names of participating deputies at any time by obtaining a copy of the Sheriff's Department's incident report, Plaintiff did not even try to bring him into this action until over a year and a half after the injuries allegedly occurred. *Id.*

In response, Plaintiff argues that he properly served Defendant Moschetti when his counsel accepted service on his behalf. Opp'n at 5. Although Plaintiff did not name Defendants Ritter and Moschetti until the FAC, he maintains that they were originally identified as Doe Defendants until Plaintiff could learn of their true identities, and he was only able to do so because the former County Defendants through their counsel, Michael Wenzel, informed Plaintiff of who the individual officers involved in the subject-incident were. *Id.* at 6. Plaintiff further argues that Defendant has suffered no prejudice because, as an employee of Alameda County, he has been on notice about this lawsuit since Plaintiff filed his government tort claim and since the filing of the original complaint. *Id.* at 7.

1.    <u>Legal Standard</u>

Rule 4(m) mandates that a defendant must be served within 120 days of the filing of the complaint, or else the action must be dismissed as to that defendant, without prejudice.[1] Fed. R. Civ.

---

[1] The 120 days begins running from the date of the original complaint. Fed. R. Civ. P. 4(m); *Patrick Collins Inc. v. Does 1-3757*, 2011 WL 5368874, at *1 (N.D. Cal. Nov. 4, 2011) (citing *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004)); *Scott v. Hern*, 216 F.3d 897, 911-12 (10th Cir. 2000). For defendants added by later amendments to the complaint, the 120-day period runs from the date of the amendment. *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990);

4

P. 4(m). However, the Court has discretion to extend the time for service, if the plaintiff shows good cause for the failure to serve. *Id.* The two alternative courses of action required by Rule 4(m) are that the Court either dismiss the action without prejudice against the particular defendants in question "or order that service be made within a specified time." *In re Nat'l Sec. Agency Telecomm. Records Litig.*, 564 F. Supp. 2d 1109, 1137 (N.D. Cal. 2008) (quoting Fed. R. Civ. P. 4(m)). If plaintiff shows good cause for the failure, however, the Court "must extend the time for service for an appropriate period." *Id.*

The existence of good cause is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Good cause means, at a minimum, excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). A plaintiff may also show good cause if he establishes that the party to be served received actual notice, that defendant would suffer no prejudice, and plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* (citing *Hart v. United States*, 817 F.2d 79, 80-81 (9th Cir. 1987)). The Court, in its discretion, may grant an extension even in the absence of good cause. *In re Sheehan*, 253 F.3d at 513 (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)). The Ninth Circuit has found it unnecessary to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m), noting only that a "court's discretion is broad." *Id.*

2. <u>Analysis</u>

Here, given that Defendant Moschetti has now been served and any apparent prejudice is minimal, the Court chooses to exercise its discretion pursuant to Rule 4(m) and extend the time to effect service. *In re Sheehan*, 253 F.3d at 513 ("Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice."). The Court prefers to adjudicate this matter on the merits, conserving resources that would otherwise

---

*Carmona*, 376 F.3d at 830. Here, Plaintiff served Defendant 383 days after the original Complaint was filed and 166 days after he filed the FAC. Thus, it does not matter whether the Court considers Moschetti a defendant who was present in the original Complaint as a party in privity with the Doe Defendants, or a new defendant added by later amendment. Either way, service was not effected within 120 days.

1  be spent on continuing attempts at effecting service. Accordingly, the Court DENIES Defendant's
2  Motion to Dismiss under Rule 4(m).

### B. Rule 12(b)(6) Motion to Dismiss; Rule 12(e) Motion for a More Definite Statement

Next, Defendant argues that Plaintiff's FAC must be dismissed under Rule 12(b)(6) because it does not identify the conduct for which he should be held to answer. Mot. at 7. Defendant notes that the factual allegations state only that unidentified deputies engaged in various wrongful acts, and that none of these acts are attributed to him. *Id.* As there are two named defendants and several Doe defendants that are alleged to be responsible for Plaintiff's injuries, Defendant argues that he has the right to know what claims are asserted against him, and he should not be called to answer for wrongdoing allegedly committed by Ritter or one of the many Doe defendants. *Id.* Alternatively, Defendant requests that the Court order Plaintiff to provide a more definite statement pursuant to Rule 12(e) because the FAC does not put him on notice of what he is supposed to have done wrong, and he is therefore unable to formulate a meaningful response. *Id.* at 8.

In response, Plaintiff argues that he has alleged the facts as he knows them. Opp'n at 8. At this point, Plaintiff maintains that does not know which officer personally committed which act, but these details will be fleshed out during discovery. *Id.*

#### 1. Legal Standard

Rule 8 states that a civil complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted the "short and plain statement" requirement to mean that the complaint must provide "the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

6

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If the Court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.." Fed. R. Civ. P. 12(e). Motions for a more definite statement are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A plaintiff need only "set forth enough details so as to provide the defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). Rule 12(e) motions are viewed with disfavor and are rarely granted. *Sagan*, 874 F. Supp. at 1077.

2.  Analysis

Here, having examined Plaintiff's FAC, the Court finds that dismissal under Rule 12(b)(6) is unwarranted, but Defendant's Rule 12(e) Motion for a More Definite Statement should be granted. While Plaintiff's FAC provides a short and plain statement of the claim for relief, it fails to put

7

Defendant on notice of the specific allegations against him. The FAC refers to vague, unidentified "deputies" as committing the alleged wrongs, without ever stating whether Defendant Moschetti or Defendant Ritter are even believed to be among those deputies. *See* FAC ¶¶ 11-24. "Something labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). In *McHenry*, the Ninth Circuit affirmed a district court's decision to dismiss plaintiff's 53-page complaint with twenty named defendants and ten Doe defendants under for failure to make clear connections between specific allegations and individual defendants. *Id.* at 1175-76. The Court cited to the district court's order, which explained "the impossibility of figuring out which defendants were allegedly liable for which wrongs" and that "the vague wording of the complaint makes it excessively difficult for individual defendants to formulate proper defenses and subject the city and others to unnecessary discovery." *Id.* at 1175.

Although Plaintiff's FAC is not as convoluted as the complaint in *McHenry*, the Court finds that it similarly fails to make clear connections between specific allegations and individual defendants. Nowhere in the FAC does Plaintiff state that he will be referring to the named Defendants collectively as "deputies," or "defendant officers," "said defendants," "defendant police officers," "said defendant deputies," or any of the other names Plaintiff uses to refer to potential defendants. Further, the Complaint is often unclear about whether it is the Doe Defendants who are allegedly responsible for a particular claim, or whether it is referring to Defendant Moschetti or Ritter. One such example is Plaintiff's fourth cause of action for assault and battery, which states in its heading that it is "against Ritter, Moschetti, and DOES 1-25 inclusive," but the substance of the allegation only refers to "defendant Does 1-10" as allegedly assaulting and battering Plaintiff. FAC at 6-7. This also occurs in Plaintiff's seventh cause of action. *Id.* ¶ 46. It is not clear whether these are just clerical errors or something more, but as written, the FAC does not provide adequate notice to Defendants Moschetti and Ritter of what legal claims Plaintiff specifically asserts against them. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (rejecting a heightened pleading requirement in § 1983 claims, but reaffirming that a

complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). Although Plaintiff maintains that does not know which officer personally committed which act, he must, at a minimum, amend his FAC to make it clear which defendants are potentially responsible for a particular claim.

Accordingly, while the Court DENIES Defendant's 12(b)(6) Motion to Dismiss, it GRANTS Defendant's 12(e) Motion for a More Definite Statement. Although Rule 12(e) motions are generally viewed with disfavor and rarely granted, *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (citing *Sagan*, 874 F. Supp. at 1077, they are "more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made," as is the case here. *True v. Am. Honda Motor Co., Inc.*, 520 F. Supp. 2d 1175, 1180 (C.D. Cal. 2007) (citing *Sagan*, 874 F. Supp. at 1077); *see also Aguirre v. San Leandro Police Dep't*, 2011 WL 738292, at *4-5 (N.D. Cal. Feb. 22, 2011) (granting defendants' motion for a more definite statement and requiring that plaintiff list each claim and specify which Defendant is being sued and the specific conduct of each Defendant that violated his rights).

## CONCLUSION

Based on the analysis above, the Court DENIES Defendant's Motion to Dismiss under Rules 4(m) and 12(b)(6). The Court GRANTS Defendant's Rule 12(e) Motion for a More Definite Statement. Plaintiff shall file a Second Amended Complaint within 14 days of the date of this Order, curing the deficiencies noted above and identifying which claims apply to which Defendants.[2]

**IT IS SO ORDERED.**

Dated:

Maria-Elena James
United States Magistrate Judge

---

[2] In his Opposition, Plaintiff also seeks the Court's guidance on the service issue regarding Defendant Ritter. Plaintiff is advised that he must comply with the service requirements as set forth in the Federal Rules of Civil Procedure.

9